GAY CROSTHWAIT GRUNFELD – 121944
JENNY S. YELIN – 273601
ROSEN BIEN GALVAN & GRUNFELD LLP
50 Fremont Street, 19th Floor
San Francisco, California  94105-2235
Telephone:	(415) 433-6830
Facsimile:	(415) 433-7104
Email:	ggrunfeld@rbgg.com
	jyelin@rbgg.com

JENNIFER LIU – 279370
THE LIU LAW FIRM, P.C.
1170 Market Street, Suite 700
San Francisco, California  94102-4991
Telephone:	(415) 896-4260
Facsimile:	(415) 231-0011
Email:	jliu@liulawpc.com

Attorneys for Plaintiffs and the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAIMIE QUINBY, LINDA GOMES, and ERIC FONTES, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ULTA SALON, COSMETICS & FRAGRANCE, INC.,<br><br>　　　　　Defendant. | Case No. CV-15-4099 WHO<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:　Hon. William H. Orrick<br>Date:　January 18, 2017<br>Time:　2:00 p.m.<br>Crtrm.:　2, 17th Floor<br><br>Trial Date:　　None Set |

Upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement, related declarations, all pleadings on file in the case, and argument presented at the hearing, and upon the Court's review of the Joint Stipulation of Settlement and Release ("Settlement Agreement") attached as Exhibit A to the Declaration of Gay Crosthwait Grunfeld in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement and the exhibits thereto, IT IS HEREBY ORDERED AS FOLLOWS:

1. "Although Rule 23 imposes strict procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure that it is 'fair, adequate, and free from collusion.'" *Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012), *cert. denied*, 134 S. Ct. 8 (2013) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)). When class counsel is experienced and supports the settlement, and the agreement was reached after arm's length negotiations, courts should give a presumption of fairness to the settlement. *See Larsen v. Trader Joe's Co.,* No. 11-CV-05188-WHO, 2014 WL 3404531, at *5, *8 (N.D. Cal. July 11, 2014), appeal dismissed (Nov. 17, 2014); *Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980) *aff'd*, 661 F.2d 939 (9th Cir. 1981).

2. The Court finds that the settlement in this case is fair, adequate, and free from collusion, and that all of the relevant *Hanlon* factors weigh in favor of granting final approval in this case. *See Hanlon*, 150 F.3d 1011 at 1026. The Court thus grants final approval of the settlement. As set forth in the Settlement Agreement, the total amount that defendant ULTA Salon, Cosmetics & Fragrance, Inc. ("ULTA" or "Defendant") shall be required to pay under this settlement shall not exceed $3,650,000, plus employer taxes.

3. The Court finds that distribution of notice to the class has been completed in conformance with the Court's Order Provisionally Certifying Settlement Class and Preliminarily Approving Class Settlement, Dkt. No. 46 ("Preliminary Approval Order"). The notice to the class was adequate, satisfied due process requirements, and was the best notice practicable under the circumstances.

4. The Court certifies for settlement purposes the following class under Federal

Rule of Civil Procedure 23(e):

> All current and former General Managers employed by Defendant in its California retail store locations at any time from September 9, 2011 to September 19, 2016 or the date of this Order, whichever occurs first (the "Class" or "Class Members").

5. The Court finds that the Parties' settlement was entered into in good faith pursuant to non-collusive, arms-length negotiations, and that the Settlement Agreement is fair, reasonable, and adequate.

6. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court grants final approval of the Settlement Agreement, and declares the Settlement Agreement binding on all Class Members who have not timely opted out.

7. The Court hereby directs the parties to effectuate the terms of the settlement as set forth in the Settlement Agreement.

8. Within 14 days of the date of this Order, ULTA will deposit the Gross Settlement Amount, $3,650,000 into an interest-bearing escrow account established by the Settlement Administrator, Simpluris.

9. The Effective Date of the Settlement shall be the last of either: (a) the day after the deadline for taking an appeal of this Order, if no appeal is filed; or (b) the day after all appeals are resolved in favor of final approval, if there is an appeal of this Final Approval Order.

10. Simpluris is hereby directed to distribute the Gross Settlement Amount, plus any interest earned, within three (3) days after the Effective Date, as follows:

    a. $10,000 to each of the Class Representatives Jaimie Quinby, Linda Gomes, and Eric Fontes;

    b. $923,884.67 to Class Counsel as attorney's fees and costs;

    c. $75,000 to the California Labor and Workforce Development Agency ("LWDA"); and

    d. the remainder, less $130,000 as a reserve fund to cover errors and omissions ("Reserve Fund") and $8,500 as settlement administrator costs, to the Class, pursuant to the formula set forth in Section 3.4 of the Settlement Agreement.

11. Simpluris shall use the Reserve Fund to cover any correctable errors or omissions and satisfy any claim for relief pursuant to Federal Rules of Civil Procedure 60(b)(1) or 60(D), as set forth in Section 3.1(D) of the Settlement Agreement.

12. Any unclaimed settlement funds after each distribution shall be redistributed as specified in Section 3.1(D)-(E) of the Settlement Agreement; if the amount after each redistribution is equal to or greater than $5,000, the remaining funds will be redistributed to Class Members who have timely cashed their Settlement Checks, with the cost of the redistribution to be paid from the Fund; and if the amount remaining is less than $5,000, the remaining funds will be donated to the Justice & Diversity Center of the Bar Association of San Francisco under the *cy pres* doctrine.

13. The Parties shall abide by all terms of the Settlement Agreement, as modified by this Court's orders.

14. The Court hereby enters judgment in accordance with the Settlement Agreement.

DATED: January 18, 2017

William H. Orrick
United States District Judge